# *Ex parte* Barclay *et al.*

*Application for Mandamus to strike Cause from Docket.*

*Judicial proceedings during late war.* — A pending suit, commenced in 1864, and now standing on the docket of the Circuit Court, cannot be struck from the docket on motion, on the ground that the process and proceedings are inoperative and void.

[Lee v. State.]

APPLICATION for a *mandamus* to the Circuit Court of Talladega, to compel that court to strike from the docket a cause now standing there, wherein Walker Reynolds is plaintiff, and Martha C. Barclay and others are defendants.

PAUL BRADFORD & H. C. OATES, for the motion.

L. E. PARSONS, *contra.*

B. F. SAFFOLD, J.— The ground of this application for a *mandamus*, to require the case designated to be struck from the docket of the Circuit Court, is, that the suit was commenced in 1864, while the State was in rebellion against the United States ; that the summons and complaint issued from a Circuit Court set up and conducted under the rebel state government, and was executed by one of its officers ; that there has been at no time any recognition of it as a suit in court, which they were bound to acknowledge, either by the applicant or her intestate. But as the case is on the docket of the legal Circuit Court, and may be conducted to a judgment, which will be enforced unless prevented, the remedy by *mandamus* is now resorted to.

This court has not, in any instance, held that the acts and proceedings of the courts of the State, during the late war, were void or inoperative. It has said in effect, incidentally, that no citizen who repudiated the insurrectionary government was bound to submit his cause to the decision of those courts. But very many did so ; otherwise, the courts and the government would not have been set up. On account of this submission, or acquiescence of so many, repeated legislative enactments, and, in many instances, the acts of the parties themselves, regulated the complications which otherwise might have arisen, by accepting what had been done generally, and giving ample opportunity to rectify what had been done amiss. This being the case, and the petitioner not having sought any remedy in proper time, the relief cannot now be given.

The *mandamus* is refused.